Troy-McKoy v Mount Sinai Beth Israel (2020 NY Slip Op 02552)





Troy-McKoy v Mount Sinai Beth Israel


2020 NY Slip Op 02552


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


100835/18 11439A 11439

[*1]Dervanna H.A. Troy-McKoy, Plaintiff-Appellant,
v
Mount Sinai Beth Israel, Defendant-Respondent.


Dervanna H.A. Troy-McKoy, appellant pro se.
Rubin, Fiorella, Friedman & Mercante LLP, New York (Rebecca Rose of counsel), for respondent.



Orders, Supreme Court, New York County (David B. Cohen, J.), entered March 14, 2019, which granted defendant's motion to dismiss the complaint as barred by the statute of limitations and for failure to state a cause of action and denied plaintiff's motion for a default judgment, unanimously affirmed, without costs.
Plaintiff seeks to recover damages for the destruction of his medical records in a January 31, 2015 fire at a storage facility owned by a nonparty contractor. He alleges that defendant and the FBI conspired to destroy his records so that he could not sue the FBI for allegedly poisoning him at a Manhattan gym in 2011. Plaintiff allegedly became aware of the destruction on April 21, 2017, when defendant advised him that it was unable to produce the medical records because of a fire.
This action, commenced June 22, 2018, is barred by the three-year limitations period for destruction of property claims (see CPLR 214[4]). Plaintiff's claim accrued on the date of the fire, not on the date of discovery of the damage (Verizon-New York, Inc. v Reckson Assoc. Realty Corp., 19 AD3d 291, 291 [1st Dept 2005]; see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). The service of a notice of claim upon defendant in July 2017, without the commencement of an action, is of no moment.
The civil conspiracy claim fails because there is no such independent cause of action in New York, and the untimely property damage claim cannot be the predicate for a civil conspiracy claim (Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 110 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).
Plaintiff's motion for a default judgment was correctly denied because he failed to demonstrate that defendant or its authorized agent was served with process (see CPLR 311[a][1]; 318; 3215[f]). Plaintiff effected service upon a law firm that represented defendant in connection with the unfiled notice of claim. We note that the motion to dismiss, filed before plaintiff's [*2]motion, extended defendant's time to answer (see CPLR 320[a]; 3211[f]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK